IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY JENKINS, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-01034 |
| v. | : | |
| DEPUTY MURRAY, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

Giles, J.                                                                                                           August 13, 2008

**I.  INTRODUCTION**

Before the court is Defendants Jeffrey Beard, David DiGuglielmo, Deputy Murray, and Blanca Rodriguez's Motion to Dismiss Plaintiff Larry Jenkins' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against various Department of Corrections ("DOC") and SCI-Graterford officials for violations of his Eighth and Fourteenth Amendment rights.  Plaintiff alleges that Defendants violated his right to procedural due process under the Fourteenth Amendment by placing him in administrative custody or segregation for three months without first giving him notice and a hearing as required by DOC Administrative Directive 802.  Plaintiff also alleges that Defendants violated his equal protection rights under the Fourteenth Amendment because Plaintiff should have received the same general population privileges and status as sixteen other inmates who were released from the Restrictive Housing Unit ("RHU") at the same time as Plaintiff.  While he was held in administrative custody, he alleges that an air vent in his cell fell on his head, causing him physical injury.

1

In Plaintiff's response in opposition to Defendant's motion to dismiss, Plaintiff clarifies that he is not bringing Eighth Amendment claims in relation to the air vent that allegedly fell on his head, nor is he alleging that he was deprived of the minimal civilized measure of life's necessities. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss 9; see Defs.' Mem. of Law in Supp. of Mot. to Dismiss 3-5.) He also clarifies that he is not bringing any retaliation or other claims under the First Amendment. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss 9; see Defs.' Mem. of Law in Supp. of Mot. to Dismiss 10-11.) Thus, the court addresses here Plaintiff's procedural due process and equal protection claims under the Fourteenth Amendment.

Defendants' motion to dismiss is granted for the reasons that follow.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)); see id. at 231 (stating that Twombly does not undermine the principle that the court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom). To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 127 S. Ct. at 1965). Thus, "'stating . . . a claim requires a

complaint with enough factual matter (taken as true) to suggest' the required element." Id. (quoting Twombly, 127 S. Ct. at 1965); see Wilkerson v. New Media Tech. Charter Sch., Inc., No. 07-1305, 2008 U.S. App. LEXIS 7526, at *13 (3d Cir. Apr. 9, 2008) (following Phillips). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965) (quotations omitted).

### III. DISCUSSION

The court first addresses Plaintiff's procedural due process claim under the Fourteenth Amendment. Protected liberty interests under the Due Process Clause of the Fourteenth Amendment are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes *atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995) (citation omitted) (emphasis added). State procedures, without more, do not create a due process liberty interest. Rodriguez v. McLoughlin, 214 F.3d 328, 339 (2d Cir. 2000); United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981).

Because Plaintiff's claims are based solely on Defendants alleged failure to follow procedures in DOC Administrative Directive 802, Plaintiff's return to the RHU for three months did not implicate any protected liberty interest under the Fourteenth Amendment. See id. He was therefore not entitled to notice or a hearing. Defendants alleged failure to follow procedures in DOC Administrative Directive 802 alone does not state a claim for a due process violation.

See id.  Plaintiff therefore fails to state a claim for a procedural due process violation upon which relief could be granted.

The court next addresses Plaintiff's equal protection claim under the Fourteenth Amendment.  As Plaintiff does not claim discrimination based on membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  In such a case, a plaintiff must state facts showing that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (citing Olech, 528 U.S. at 564).

Plaintiff alleges that he and sixteen other similarly situated inmates were released from the RHU, but that only he continued to be placed in administrative custody while the sixteen others were sent to general population housing units.  However, Plaintiff has failed to allege that the sixteen other inmates had been placed in the RHU for the same reason(s) or in the same form of custody.  Plaintiff does not sufficiently allege that these inmates were similarly situated.  See id.  He therefore fails to state an equal protection claim upon which relief could be granted.

Having concluded that Plaintiff's Complaint fails to state procedural due process and equal protection claims under the Fourteenth Amendment, the court does not reach Defendants' argument that Plaintiff's claims against Defendants Beard and DiGuglielmo should be dismissed for lack of personal involvement in any constitutional wrongdoing.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.  An Order follows.