IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY JENKINS, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-01034 |
| v. | : | |
| DEPUTY MURRAY, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

Slomsky, J.                                                                                                          November 21, 2008

       Before the Court is Defendants Jeffrey Beard, David DiGuglielmo, Deputy Murray, and Blanca Rodriguez's Motion to Dismiss Plaintiff Larry Jenkins' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

       Judge James T. Giles dismissed Plaintiff Larry Jenkins' original complaint without prejudice pursuant to Rule 12(b)(6) on August 13, 2008 ("Giles Memorandum," Doc. No. 23). In his Amended Complaint, as in the original complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against various Department of Corrections ("DOC") and SCI-Graterford officials for violations of his Eighth and Fourteenth Amendment rights. Plaintiff alleges that Defendants violated his right to procedural due process under the Fourteenth Amendment by placing him in administrative custody or segregation for three months without first giving him notice and a hearing as required by DOC Administrative Directive 802. Plaintiff also alleges that Defendants violated his equal protection rights under the Fourteenth Amendment because Plaintiff should have received the same general population privileges and status as sixteen other inmates who

were released from the Restrictive Housing Unit ("RHU") at the same time as Plaintiff. While he was held in administrative custody, he alleges that an air vent in his cell fell on his head, causing him physical injury. Plaintiff's Eighth Amendment claims are based on the time spent in administrative custody and the air vent that fell on his head during that time.

In dismissing Plaintiff's original complaint, the Court held that, even when "'accept[ing] all factual allegations as true, [and] constru[ing] the complaint in the light most favorable to the plaintiff,' the Plaintiff would not be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Using this standard,[1] the Court now dismisses Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

Each of Plaintiff's claims fail to state grounds under which relief can be granted. First, Plaintiff claims that his Eighth Amendment rights were violated by his three months' placement in administrative custody, during which an air vent fell on him. The Eighth Amendment ban on cruel and unusual punishment only prohibits conduct which "violates civilized standards of humanity and decency." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (citing Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992). Even fifteen months' placement in restricted housing does not meet this standard. Id. at 708-09. Jenkins does not allege that the air vent injured him as a result of any intentional act. Thus, Plaintiff does not state an Eighth Amendment claim.

Second, Plaintiff claims that his Fourteenth Amendment due process rights were violated when he was placed in administrative custody without notice and a hearing, as required by DOC

---

[1] For a more thorough discussion of the applicable standard, please see the Giles Memorandum.

Administrative Directive 802.  The Court properly dismissed this claim in Plaintiff's original complaint.  As the Court explained, placement in administrative custody does not implicate a protected liberty interest.  (Giles Memorandum at 3-4).  Plaintiff's Amended Complaint does not correct this failure.

Third, Plaintiff claims that his Fourteenth Amendment equal protection rights were violated.  As the Court explained when dismissing Plaintiff's original complaint, Plaintiff does not allege discrimination based on membership in a protected class.  Thus, in order to prevail on an equal protection claim, Plaintiff must show that Defendant treated him differently than other similarly situated individuals, that Defendant did so intentionally, and that there was no rational basis for the difference in treatment.  Giles Memorandum at 4 (citing Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)).  In his original complaint, Plaintiff alleged that he and sixteen other inmates were released from the RHU, but that only he continued to be placed in administrative custody while the sixteen others were sent to general population housing units.  (Compl. ¶16).  The Court dismissed this complaint because he did not sufficiently allege that these inmates were similarly situated.  (Giles Memorandum at 4).

In Plaintiff's Amended Complaint, he alleges that he and the other inmates were similarly situated because they were all "in the same form of custody" (RHU), "had to follow the same rules and regulations," "had the same privileges," "had the same kind of visits," were "housed on the same blocks within the RHU," "ha[d] the same exercise periods," ate "the same foods," wore "the same kind of clothes," and all saw "the same P.R.C. (Program Review Committee)."  (Am. Compl. ¶ 15).  These facts do not overcome the Court's decision that "Plaintiff has failed to allege that the sixteen other inmates had been placed in the RHU for the same reason(s) or in the

3

same form of custody" and do not show that these inmates were similarly situated. (Giles Memorandum at 4; see also Hill, supra, 455 F.3d at 239). The RHU holds persons in both administrative and disciplinary custody. It is not clear that the other inmates whom Jenkins identifies were in administrative custody, as Jenkins was, rather than disciplinary custody. Moreover, even if Jenkins had alleged facts to show that the inmates were similarly situated, he has failed to allege facts to show that Defendants engaged in purposeful discriminatory treatment, or that there was no rational basis for the difference in his treatment. Therefore, Plaintiff's Fourteenth Amendment equal protection claims are dismissed.

      For the foregoing reasons, Defendants' Motion to Dismiss is granted and Plaintiff's Amended Complaint is dismissed. An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY JENKINS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-01034 |
| | : | |
| v. | : | |
| | : | |
| DEPUTY MURRAY, et al., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 21st day of November, 2008, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, it is hereby ORDERED that said Motion is GRANTED. Plaintiff's claims against Defendants are hereby dismissed and it is further ORDERED that the Clerk of Court close the case.

BY THE COURT:

_S/ Joel H. Slomsky_
J.